## Commonwealth v. Sinwell

*Michael Biskin,* for Commonwealth.

*Thomas Houser,* for defendant, and defendant pro se

FRANCIOSA, *J.,* August 17, 1977—On April 26, 1977, defendant was convicted by a jury of two counts of theft by deception and conspiracy. Defendant, by his attorney, subsequently filed motions for a new trial and in arrest of judgment. By order of court dated May 13, 1977, defendant's post-verdict motions were directed to be argued before the trial Judge alone, pursuant to Pa. R. Crim.

P. 1123(e), and argument was fixed for June 7, 1977. However, on June 8, 1977, defendant was granted a 60 day extension to file a pro se brief. Said brief having been filed, the matter is now ready for disposition

Defendant's motion for an arrest of judgment is predicated upon the notion that he was charged with the wrong offence, and presents the narrow issue whether the Commonwealth may pursue a charge of theft by deception, as defined in section 3922 of the Crimes Code of December 6, 1972, P.L. 1482, 18 C.P.S.A. §3922, against a person who has issued bad checks in violation of section 4105 of the Crimes Code, 18 C.P.S.A. §4105. As an additional ground in support of his motion, the defendant has asserted an alleged deficiency in the informations that were filed against him, in that they contained an erroneous assertion that the checks were drawn at a time when his account was closed.

In ruling upon the propriety of the Commonwealth having charged the defendant with theft by deception, we need not look beyond the Crimes Code itself, for section 4105(b) expressly recognizes the lodging of such charges. Thus, section 4105(b), which permits a presumption to be drawn against an issuer in certain situations, by its own terms applies to bad check prosecutions under section 4105, *as well as in any prosecution for theft committed by means of a bad check.*" (Emphasis supplied.)

In addition to the above-cited statutory recognition that bad checks may form the basis of a theft prosecution, at least one commentator has reached the same conclusion. Thus, Jarvis, in section 4105 of his Commentary on the Pennsylvania

Crimes Code states: "It should also be noted that if the defendant receives something of value when he knowingly issues a bad check, he could be prosecuted for theft by deception under sec. 3922."*

Our review of the evidence convinces us that the Commonwealth proved all of the elements of theft by deception and conspiracy beyond a reasonable doubt. With respect to defendant's contention that there was a variance between the allegations of the information and the proof presented at trial, we need only note that we are of the belief that the information gave defendant fair notice of the nature of the charges against him, and that the defects raised by defendant were not material or prejudicial to his case. Under such circumstances, the granting of defendant's motion in arrest of judgment would by inappropriate. See, 10A P.L. E. 504, §804; Commonwealth v. Mitchell, 234 Pa. Superior Ct. 21, 335 A.2d 521 (1975).

Turning to defendant's motion for a new trial, several reasons have been assigned for our review. Thus, defendant has asserted that the evidence was insufficient to sustain his convictions; that it was error to admit into evidence testimony concerning other bad checks issued by him; that it was error to allow his co-conspirator's testimony to be considered by the jury; that it was error to refuse to allow the defendant to call his attorney as a witness; that it was error to refuse to compel the

---

* Bad check statutes do not limit the reach of the theft by deception section. Instead, the bad check provisions were enacted to extend criminal responsibility to situations where the defendant did not receive property at the time he issued the bogus check; and, hence, could not be convicted of common law theft. See Commentary to Model Penal Code, T. D. #2 at 117-118.

attendance of two incarcerated witnesses requested by defendant, and that the trial judge should have disqualified himself from presiding over the trial. We have reviewed these contentions and find all of them to be without merit.

Initially, we note that there was ample evidence produced by the Commonwealth from which the jury could have concluded that defendant engaged in a scheme with Lu Ann Sinwell whereby he opened a checking account and purposely issued checks in excess of his balance with the intent of unlawfully obtaining property from banks. Although much of this evidence was established through Lu Ann Sinwell, an admitted accomplice, the jury was properly instructed that they were to look upon such evidence with disfavor as coming from a corrupt and polluted source, but that they were free to accept such evidence especially if they found it to be corroborated by other evidence in the case. See Commonwealth v. Banks, 454 Pa. 401, 311 A.2d 576 (1973); 10A P.L.E. 70 §341.

The Commonwealth, in an attempt to corroborate the testimony of Lu Ann Sinwell, produced evidence that approximately 20 to 30 bad checks were issued by defendant. Such evidence was admissible to show a common scheme: Commonwealth v. Banks, supra; 10A P.L.E. 87 §354.

The remaining grounds asserted by defendant in support of his motion for a new trial are matters vested within the sound descretion of the trial judge. We believe that it was proper, based upon defendant's offer of proof, to refuse to allow defendant, acting as his own counsel, to call his court-appointed attorney as a witness on his behalf. Furthermore, at a hearing prior to trial, the trial judge ordered compulsory process against

several incarcerated witnesses requested by defendant, none of which were used by defendant at trial. Under these circumstances, the denial of process against witnesses deemed to be of cumulative value only was clearly within the discretion of the court.

We have reviewed defendant's remaining contention concerning the failure of the trial judge to disqualify himself, and find it to be without merit.

Wherefore, we enter the following

## ORDER

And now, August 17, 1977, defendant's motions for a new trial and in arrest of judgment are denied and dismissed.

The Northampton County Probation Office is directed to conduct a presentence investigation with regard to defendant with report to the court. Thereafter, the court will fix a date for the imposition of sentence.